UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELO LEE TAYLOR,
   Plaintiff,

vs.

SPRINGBORO MAYOR'S COURT,
   Defendant.

Case No. 1:18-cv-524
Black, J.
Litkovitz, M.J.

**SUPPLEMENTAL REPORT
AND RECOMMENDATION
AND ORDER**

    On August 1, 2018, the undersigned recommended that the complaint filed by plaintiff Angelo Lee Taylor, a resident of Dayton, Ohio, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief as the Springboro Municipal Court, the sole defendant named in plaintiff's complaint, is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.  (Doc. 4).  Plaintiff has now filed a motion to amend the complaint to name Springboro Police Officer Randy Peagler as the defendant. (Doc. 6).  For the reasons that follow, it is recommended that plaintiff's motion to amend be denied.

    This matter is also before the Court on plaintiff's motions for default judgment (Doc. 8) and for discovery (Doc. 15) and defendant's motions to dismiss (Doc. 13), to stay (Doc. 16), and to strike affidavit (Doc. 19).  As the undersigned recommends that plaintiff's motion to amend the complaint be denied, these motions are denied as moot.

    The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court.  Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962).  The Court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the

opposing party by virtue of allowance of the amendment, and futility of amendment. *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005) (citing *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980)); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

Plaintiff's pro se complaint, as amended, is virtually identical to his original complaint with the exception of the named defendant. Plaintiff's proposed amended complaint alleges that defendant Peagler violated his due process rights when plaintiff was arrested and his personal automobile was seized. Plaintiff alleges that the defendant does not have subject matter or personal jurisdiction over him. He alleges that he was not presented with "a verified complaint of injury, so that the Accused may consider a plea other than guilty." (Doc. 6-1 at 2). Plaintiff further alleges that defendant Peagler, the officer who arrested him, "lied, violating his Oath of Office, and went outside the scope of his duties to harass and assault the PLAINTIFF without having probable cause of a crime, keeping in mind that traffic violations are NOT crimes." (*Id.*). The complaint states that the state court case against plaintiff must be dismissed because of "lack of prosecution, evidence, jurisdiction, and authority to proceed in this matter." (*Id.*). As relief, plaintiff seeks $1 million in damages. (*Id.* at 3).

It appears that plaintiff challenges the criminal proceedings against him stemming from a traffic ticket. However, it is not entirely clear from plaintiff's allegations whether those proceedings are still pending or whether they have been disposed of. In either event, plaintiff's

2

proposed complaint, as amended, would not withstand a motion to dismiss and should therefore be denied.

To the extent the criminal charges against plaintiff are still pending, this Court must abstain from hearing challenges to the state court proceedings. Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

If plaintiff's criminal case is still pending, the first *Younger* factor is satisfied. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his constitutional challenges. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). "There is no allegation in

3

the Complaint or other showing by [p]laintiff from which this Court could infer that he would be barred from raising in state court the constitutional claims he raises here." *Profit v. City of Shaker Heights*, No. 1:18-cv-1223, 2019 WL 315092, at *4 (N.D. Ohio Jan. 23, 2019) (citing *Penzoil*, 481 U.S. at 14 (it is plaintiff's burden to demonstrate that state procedural law bars presentation of his claims) (citation omitted)). Therefore, if plaintiff's state court case remains pending, abstention under *Younger* is appropriate.

On the other hand, if the criminal proceedings have concluded, plaintiff cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). When a plaintiff's successful § 1983 damages action would necessarily imply that his sentence or conviction is invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.*

In this case, plaintiff's constitutional claims challenge the validity of the charges against him and the criminal proceedings themselves. To assert these claims, he must first demonstrate that his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so. Absent this information, claims of this nature cannot be asserted in a civil rights action.

Moreover, to the extent plaintiff alleges that defendant Peagler "lied, violating his Oath of Office, and went outside the scope of his duties to harass and assault" plaintiff, the proposed amended complaint fails to state a claim for relief. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff has failed to allege facts that state a plausible claim for relief against defendant Peagler. Instead, plaintiff has essentially alleged legal conclusions couched as factual allegations that the court need not accept as true. *Twombly*, 550 U.S. at 555.

Accordingly, plaintiff's motion to amend the complaint should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to amend the complaint to name Springboro Police Officer Randy Peagler as the defendant (Doc. 6) be **DENIED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motions for default judgment (Doc. 8) and for discovery (Doc. 15) and defendant's motions to dismiss (Doc. 13), to stay (Doc. 16), and to strike affidavit (Doc. 19) are DENIED as moot.

Date: 6/27/19

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELO LEE TAYLOR,
    Plaintiff,

vs.

SPRINGBORO MAYOR'S COURT,
    Defendant.

Case No. 1:18-cv-524
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).